# Exhibit A

IN THE COUNTY COURT OF MADISON COUNTY, MISSISSIPPI

PHI HEALTH, LLC                                                                      PLAINTIFF

VS.                                         CIVIL ACTION NO. CO-25-CV-703 JH

AMBETTER OF MAGNOLIA, INC.                                                DEFENDANT

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   Ambetter of Magnolia, Inc.
      By and Through Its Registered Agent:
      C.T. Corporation System
      645 Lakeland Esat Drive, Suite 101
      Flowood, MS  39232

## NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to the attorney for the Plaintiff, C. Stephen Stack, Jr., Biggs, Ingram & Solop, PLLC, Paragon Two, 578 Highland Colony Parkway, Suite 100, Ridgeland, MS 39157; Post Office Box 14028, Jackson, Mississippi 39236-4028.

Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED UNDER MY HAND AND THE SEAL of said Court, this  29  day of April, 2025.

*Anita Wray*
COURT CLERK

By: *Vera Rucker* DC

## PROOF OF SERVICE – SUMMONS AND COMPLAINT
## AMBETTER OF MAGNOLIA, INC.

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

_____    **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.

_____    **PERSONAL SERVICE.** I personally delivered copies to _____ on the _____ day of _____, 2025, where I found said person in _____ County of the State of Mississippi.

_____    **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies of the summons and complaint to _____ _____ within _____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 2025, at the usual place of abode of said _____ _____, by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served, above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2025, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____    **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service I was at least 18 years of age and not a party to this action.

_____
Process Server

STATE OF MISSISSIPPI
COUNTY OF HINDS

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts as set forth in the foregoing "Proof of Service-Summons and Complaint" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _____ day of _____, 2025.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:_____

IN THE COUNTY COURT OF MADISON COUNTY, MISSISSIPPI

PHI HEALTH, LLC                                                    PLAINTIFF

VS.                                           CIVIL ACTION NO. CO-25-CV-703 JH

AMBETTER OF MAGNOLIA, INC.                          DEFENDANT

FILED MADISON COUNTY APR 29 2025 ANITA WRAY, CIRCUIT CLERK BY V02 D.C.

## COMPLAINT

PHI Health, LLC ("PHI" or "Plaintiff") brings this complaint to confirm a binding arbitral award and recover the sums awarded in the amount of $33,241.29,[1] in addition to applicable fees, costs, and interest in connection with PHI's air medical transport of a patient covered by a qualified health plan issued by Defendant. This amount has already been held reasonably priced by a qualified, independent arbitrator; Defendant simply refuses to pay it.

## I.
## PARTIES, JURISDICTION, AND VENUE

1. PHI is a limited liability company organized under the laws of the State of Louisiana and headquartered in Phoenix, Arizona.

2. Defendant Ambetter of Magnolia Inc. (the "Insurer") is a business organized under the laws of Mississippi and authorized to do business in Mississippi. Insurer may be served through its registered agent, C.T. Corporation System, 645 Lakeland Drive East Drive, Suite 101 Flowood, MS 39232. Insurer provided and/or underwrote a qualified health plan for Patient in connection with the services rendered to Patient by PHI.

3. This Court has jurisdiction over this case, pursuant to Miss. Code Ann. § 9-9-21. This is a civil matter wherein the amount in controversy shall not exceed, exclusive of costs and interest, the sum of $200,000.

---

[1] This is the amount awarded in the Independent Dispute Resolution arbitration, less amounts already paid and patient responsibility (also referred to herein as "IDR Balance Owed").

1

4.      Venue is proper in this Court, pursuant to Miss. Code Ann. § 11-9-3 and § 11-11-3, because Insurer "resides" in Madison County and because a substantial part of the events or omissions giving rise to the claim occurred in this County. Because, save for the arbitration, an action relating to a controversy may have been brought in this court, venue is also proper under the Federal Arbitration Act. 28 U.S.C. § 1391(b); 9 U.S.C. § 204.

5.      This Court has personal jurisdiction over Defendant because Defendant does significant business in this State and has a significant presence here.

## II.
## FACTUAL BACKGROUND

**A.      PHI Provided Air Ambulance Services; PHI Is Underpaid For Those Services.**

6.      PHI supplied emergency air ambulance transport services to the following member of Defendant's Plan (the "Patient"):

> Year of Service: 2023
> Claim Number: W298MPP01052
> Patient ID: 396654

7.      PHI sent Insurer a bill for these emergency medical services. Patient participated in a health plan underwritten and /or provided by Insurer, which is a Qualified Health Plan issuer in the Mississippi health insurance marketplace.

8.      As set forth in Chart 1 *infra*, Insurer sent PHI an "Explanation of Benefits" ("EOB") form setting forth two initial payments to PHI for the two service codes for this transport and specified the patient's "cost sharing" amount.

9.      Because the initial payment was deficient, PHI turned to the dispute resolution plan set forth in the federal No Surprises Act ("NSA").[2]

---

[2] The federal No Surprises Act is codified in triplicate in three different parts of the U.S. Code: 42 U.S.C. § 300gg-111 *et seq.*; 29 U.S.C. §§ 1185e *et seq.*; and 26 U.S.C. §§ 9816 *et seq.*

2

**B.    PHI Initiated and Prevailed in NSA Arbitration.**

**1.    Background on NSA**

10.    The NSA creates an obligation for group health plans and health insurers to pay out-of-network providers of air ambulance services. If the provider deems the reimbursement paid by the group health plan or insurer to be deficient, the NSA contains a detailed mechanism for determining what the appropriate "out of network" rate is in each case.

11.    First, the parties are required to negotiate. If the out-of-network air ambulance provider and the health plan or insurer are not able to agree on the appropriate out-of-network rate, then the rate is set by a "determination" of a "certified IDR entity" rendered in an "independent dispute resolution [IDR] process." 42 U.S.C. § 300gg-111(a)(3)(K); 29 U.S.C. § 1185e; 1185f.

12.    The IDR process is baseball-style arbitration. Each side (the air ambulance provider and the group health plan or insurer) submits its own "offer" to the IDR entity stating what it believes the appropriate out-of-network rate to be; each party also submits reasons and evidence supporting its offer. 42 U.S.C. § 300gg-112(b)(5); 29 U.S.C. § 1185e, 1185f. The IDR entity considers a number of factors, and, based on those factors, "select[s] one of the offers submitted . . . to be the amount of payment."

13.    The IDR entity's "determination" is made "binding" on the parties by the NSA. The group health plan or insurer must make the "payment required . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. 42 U.S.C § 300gg-112(a)(3) and (b)(6); 29 U.S.C. § 1185e, 1185f.

3

### 2. PHI Filed Arbitration and Prevailed, Yet Defendant Refuses to Pay.

14. PHI initiated IDR proceedings for the payments offered for the transport at issue in this case by submitting Notices of IDR Initiation through the federal IDR Portal. PHI gave valid notice to Defendant[3] of the initiation of the IDR proceedings.

15. The IDR Entity(ies) issued Written Payment Determination Notices, which include the "IDR Awards," the results of which are set forth in the attached **Exhibits A-1 and A-2** as well as in Chart 1 below. In sum, the amount of the IDR Award Balance Owed totals $32,241.29. To date, Defendant has not paid PHI the full amount it is owed.

[Remainder of Page Intentionally Blank]

---

[3] Pursuant to the NSA, the IDR is to be initiated against the entity on the EOB, which could be the insurer or a third-party administrator.

CHART 1:

| Service Code | Billed Charges | Initial Payment | Patient's "Cost Sharing" | IDR Award | IDR Award Balance Owed[4] |
|---|---|---|---|---|---|
| Air Ambulance Base Charge[5] DISP-994259[6]: | $46,660.00 | $21,390.04 | $0.00 | $33,440.71 | $12,050.67 |
| Air Ambulance Mileage[7] DISP-994260[8]: | $39,964.00 | $12,370.41 | $0.00 | $33,561.03 | $21,190.62 |
| TOTAL | | | | | $33,241.29 |

16.  PHI simply requests the funds to which it is entitled, whether by issuance of payment by Defendant or judicial relief.

### III.
### CAUSES OF ACTION

**A.   COUNT ONE: Enforcement of Arbitration Award**

17.  PHI incorporates by reference the allegations of the preceding paragraphs.

18.  The IDR Awards should be confirmed by judgment of this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

19.  The IDR Awards are valid and have not been vacated or set aside by any authority.

20.  No grounds exist for vacating, modifying, or correcting the IDR Awards.

---

[4] The "IDR Award Balance Owed" is the IDR Award less prior payments and any cost-sharing responsibility of the patient.
[5] The Ambulance Base Charge service code for rotor-wing transports is A0431 and for fixed-wing transports is A0430.
[6] A copy of the IDR Award is attached as **Exhibit A-1**.
[7] The Ambulance Mileage service code for rotor-wing transports is A0436 and for fixed-wing transports is A0435.
[8] A copy of the IDR Award is attached as **Exhibit A-2**.

5

21. Confirmation of the IDR Awards necessitates a money judgment in PHI's favor in the total amount that Defendant is obligated to pay to PHI, namely, the IDR Award Balance Owed.

**B.   COUNT TWO: Application to Confirm the IDR Award Under the Mississippi Arbitration Act**

22. PHI incorporates by reference the allegations of the preceding paragraphs.

23. The IDR Award should be confirmed by judgment of this Court pursuant to the Mississippi Arbitration Act, Miss. Code Ann. § 11-15-1 through -37.

24. The IDR Award is valid and has not been vacated or set aside by any authority.

25. No grounds exist for vacating, modifying, or correcting the IDR Award.

26. Confirmation of the IDR Award necessitates a money judgment in PHI's favor in the total amount that Defendant is obligated to pay to PHI.

**C.   COUNT THREE: Implied Right of Action under the NSA**

27. Plaintiff incorporates the allegations of the preceding paragraphs as if fully incorporated herein.

28. The NSA requires Defendant to make the "payment required . . . directly to [PHI] not later than 30 days after the date on which such determination is made" by the IDR entity. 42 U.S.C. § 300gg-112 (a)(3) and (b)(6); 29 U.S.C. § 1185e, 1185f. More than 30 days have passed, and PHI has no record of receiving payment.

29. The NSA thus requires Defendant to pay PHI the IDR Award Balance Owed for the transport at issue in this case.

**WHEREFORE**, Plaintiff, PHI Health, LLC, respectfully requests an Order: (i) finding Defendant liable for its failure to pay the IDR Award Balance Owed; (ii) awarding PHI Health, LLC $33,241.29 for the outstanding IDR Award Balance Owed; (iii) awarding PHI Health, LLC

applicable interest, costs, and fees; and (iv) providing for whatever additional relief this Court deems just and appropriate.

This the 29th day of April, 2025.

Respectfully submitted,

**PHI HEALTH, LLC**

By: _____
C. Stephen Stack, Jr., MSB #10768

**OF COUNSEL:**

C. Stephen Stack, Jr. MSB # 10768
Biggs, Ingram & Solop, PLLC
578 Highland Colony Pkwy., Suite 100
Ridgeland, MS 39157
P. O. Box 14028
Jackson, MS 39236-4028
Telephone: (601) 713-1192
Facsimile: (601) 713-2049
sstack@bislawyers.com

7

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-994259

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-994259** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$33,440.71** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number W298MPP01052 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $33,440.71

Ambetter submitted an offer of $21,390.04

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|   | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | X |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the

**EXHIBIT "A-1"**

Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

- Factor 1 – The quality and outcomes measurements of the provider that furnished such services

- Factor 2 – The acuity of the condition of the individual receiving such services, or the complexity of furnishing such services to such individual

- Factor 3 – The level of training, experience, quality of the medical personnel that furnished such services

- Factor 4 – Ambulance vehicle type, including clinical capability level of such vehicle


If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

The following additional arguments or evidence are also among the rationale the Arbitrator considered and these arguments were given some weight (unless it is evident from the discussion below that the argument was given no weight or little weight):

While the IDRE appreciates the information provided regarding Health Plan's QPA not being an accurate reflection of appropriate OON rates, the information provided goes to the QPA calculation and/or Congress's decision to implement the QPA process, which the regulations state "it is not the role of the IDR to determine whether the QPA has been calculated correctly by the plan or issuer."

Accordingly, the IDRE concludes that PHI HEALTH, LLC's offer represents the best value of the IDR qualified services at issue in this dispute for the line item and that party's offer should be the most appropriate Out of Network rate paid on the referenced claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that Ambetter is the non-prevailing party in DISP-994259 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-994259 was PHI Health, LLC. The initiating party's NPI is 1760003594 and TIN is 721404705. The non-initiating party was Ambetter. The 90-calendar day cooling off period begins on April 28, 2024. Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-994260

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-994260** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$33,561.03** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number W298MPP01052 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $33,561.03

Ambetter submitted an offer of $12,370.41

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the

**"EXHIBIT A-2"**

Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

· Factor 1 – The quality and outcomes measurements of the provider that furnished such services

· Factor 2 – The acuity of the condition of the individual receiving such services, or the complexity of furnishing such services to such individual

· Factor 3 – The level of training, experience, quality of the medical personnel that furnished such services

· Factor 4 – Ambulance vehicle type, including clinical capability level of such vehicle

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

The following additional arguments or evidence are also among the rationale the Arbitrator considered and these arguments were given some weight (unless it is evident from the discussion below that the argument was given no weight or little weight):

While the IDRE appreciates the information provided regarding Health Plan's QPA not being an accurate reflection of appropriate OON rates, the information provided goes to the QPA calculation and/or Congress's decision to implement the QPA process, which the regulations state "it is not the role of the IDR to determine whether the QPA has been calculated correctly by the plan or issuer."

Accordingly, the IDRE concludes that PHI HEALTH LLC's offer represents the best value of the IDR qualified services at issue in this dispute for the line item and that party's offer should be the most appropriate Out of Network rate paid on the referenced claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that Ambetter is the non-prevailing party in DISP-994260 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816-8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-994260 was PHI Health, LLC. The initiating party's NPI is 1760003594 and TIN is 721404705. The non-initiating party was Ambetter. The 90-calendar day cooling off period begins on May 2, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential:* The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*